UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. RAAB,

                Petitioner,

-vs-                                        Case No. 8:08-cv-1103-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Petitioner Raab challenges his plea-based convictions for armed burglary and grand theft arising out of the Sixth Judicial Circuit, Pinellas County, Florida, in case no. CRC 04-04356CFANO. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## PROCEDURAL HISTORY

On February 21, 2005, Raab pled nolo contendere to burglary with a weapon and two counts of grand theft as charged in case no. CRC04-04356CFANO. He was adjudicated guilty of the offenses and was sentenced on the armed burglary charge to 25 years incarceration. The

state trial court sentenced him to five-year prison terms on the grand theft charges. The five-year sentences ran concurrent with the 25 year sentence.[1]

Raab did not timely appeal his plea-based judgment in case no. CRC04-04356CFANO, which became final thirty days later. Raab filed an untimely and unauthorized pro se motion to withdraw his plea which was the state trial court dismissed on April 29, 2005.

Then Raab filed a pro se Rule 3.850 motion for post conviction relief dated January 3, 2006. On December 7, 2006, the state trial court summarily denied the Rule 3.850 motion. Raab appealed the summary denial, and on July 11, 2007, the state district court of appeal per curiam affirmed without written opinion in case no. 2D07-82. *Raab v. State*, 959 So. 2d 1195 (Fla. 2d DCA 2007)[table].

Raab filed a pro se Rule 3.800(a) motion to correct illegal sentence dated August 6, 2007. An amended Rule 3.800(a) motion followed. The state trial court summarily denied the Rule 3.800(a) motion on January 11, 2008. On May 28, 2008, the state district court of appeal per curiam affirmed the denial of relief in case number case no. 2D08-618. *Raab v. State*, 982 So. 2d 696 (Fla. 2d DCA 2008)[table]. The mandate issued June 18, 2008.

Raab's timely filed 28 U.S.C. § 2254 is now before this Court.

## Standards of Review

### AEDPA Standard

---

[1] He also pled nolo contendere to two counts of burglary, grand theft and criminal mischief in case no. CRC04- 6704CFANO; and nolo contendere to armed burglary, attempted armed robbery, and possession of paraphernalia in case no. CRC04-7712CFANO. He does not challenge the judgments in these cases in the present petition. He received 25-year prison terms on the armed burglary and attempted armed robbery counts. The sentences imposed on February 21, 2005, ran concurrent with the sentences imposed in these cases.

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the

accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

**Discussion**

Ground One

Raab contends that his plea was involuntary. In his supporting facts, he alleges he suffers from bipolar disorder along with dysthymia. According to Raab, he was on Percocet for an ankle fracture when he signed his plea form but was not on prescribed medication for his alleged bipolar disorder and dysthymia. (Doc. No. 1 at 6)

Liberally construed, Raab appears to raise a substantive due process competency claim. His claim is exhausted to the extent he raised the claim in his Rule 3.850 motion, the adverse result of which he appealed.

In summarily denying relief on his allegations, the state trial court held:

> Defendant first claims that his plea was involuntary because he was incompetent at the time he entered the plea. Defendant further explains that he was not being administered medication for his bipolar disorder at the time of the plea hearing. Defendant also points out that at the time of the hearing he was taking .5 mg of Percocet for a broken ankle suffered during the commission of the offense.
>
> Defendant's claim is cognizable on a motion for postconviction relief. *Campbell v. State*, 488 So. 2d 592 (Fla. 2d DCA 1986). The record reflects that the Court specifically inquired into Defendant's bipolar disorder at the time of the plea hearing. See Exhibit C: Transcript of Plea Hearing, p. 28. Regarding this issue, the Court asked Defendant whether he was clearheaded enough at the time of the hearing to understand what he was doing. Additionally, the Court specifically asked Defendant whether he was under the influence of alcohol or narcotics, to which Defendant responded "No, sir." Id. Therefore, Defendant's claim that his plea was involuntary due to bi-polar disorder or the influence of medication is conclusively refuted by the record. Ground one of Defendant's motion is therefore denied.

(Resp. Ex. 12)

The clearly established federal law regarding a substantive federal due process claim on competency is set out in *Dusky v. United States*, 362 U.S. 402 (1960). Under *Dusky*, the standard for mental competency to stand trial is "whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402 (internal quotation marks omitted). A defendant must be competent at the time he pleads guilty; and the standard governing competency to plead guilty is the same as that governing competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 398-99 (1993).

Raab does not suggest treatment with anti-psychotic drugs rendered him incompetent. Raab's theory that he was incompetent when he pled nolo contendere is based on the following collateral factual assertions: 1) allegedly, he was not administered prescribed anti-psycho tropic

medication for bipolar disorder and dysthymia at the time of his plea; and 2) allegedly, he was taking Percocet for an ankle injury at the time of his plea.

The mere fact a petitioner is diagnosed as having a bi-polar or a mood disorder is not enough to establish he was incompetent when he entered his plea. *See Woodburn v. Schriro*, 2006 U.S. Dist. LEXIS 91383 (D. Ariz. Oct. 11, 2006)(determining equitable tolling of AEDPA's limitations period was not warranted; Magistrate Judge observed mere fact petitioner is bi-polar is not enough to establish lack of competence)(adopted in *Woodburn v. Schriro*, 2006 U.S. Dist. LEXIS 88719 (D. Ariz. Dec. 4, 2006)(unpublished).

Moreover, since the standard for determining competency to plead guilty is the same as the standard for determining competency to stand trial, whether or not the defendant is taking a medication is a factor, but is not determinative of whether the defendant is competent. *Baker v. Sec'y Dep't of Corrections*, 2007 U.S. Dist. LEXIS 25084 (M.D. Fla. Apr. 4, 2007)(unpublished); see also, *Sheley v. Singletary*, 955 F.2d 1434, 1439 (11th Cir. 1992) (concluding that a "bare allegation of the level of psychotropic drugs administered to petitioner before entering his plea" is not sufficient to demonstrate incompetence to enter a plea). Anti-psychotic drug treatment does not per se render a defendant incompetent to stand trial. *Id.* Similarly, that Raab was taking medication prescribed for a physical injury would not in itself show he was mentally incompetent and unable to understand the proceedings. Raab has to present evidence demonstrating that the dosage given him affected him adversely so as to raise a doubt as to his ability to consult with his lawyer and to have a rational understanding of the proceedings against him. *See Fallada v. Dugger*, 819 F.2d 1564, 1569 (11th Cir. 1987).

It is objectively reasonable to conclude that Raab has not established a substantive competency claim. The record of the plea proceeding, in which Raab made coherent

statements, supports the objectively reasonable conclusion that Raab could rationally consult with counsel, and that he understood the nature of the charges against him. Review of the plea transcript demonstrates that Raab was lucid during the plea proceedings.

At the plea hearing, Raab assured the state court that he was clearheaded and understood what he doing. (Resp. Ex. 3 at 29) He displayed no confusion in answering the court's questions regarding the nature of the charges and his sentencing exposure. In addition, prior to entering his plea, Raab "promoted" his willingness to accept responsibility for his actions and cogently related, among other things, his willingness to reveal to whom he had sold the stolen guns. (Resp. Ex. 3 at p. 23-25)

In addition, Raab was able to write a pro se motion to withdraw his plea, which reflected that Raab had a rational understanding of what he faced when he entered his plea. (Resp. Exs. 7, 8) In his pro se motion, Raab asserted that he suffered from bipolar manic depression/dysthymia disorder. He claimed that he was entitled to a downward departure. He alleged that he had typed a motion for appointment of a qualified expert to reevaluate him for this defense and that his trial counsel told him the state trial court judge would not depart from the guidelines. Among other things, he acknowledged that the state trial court had the discretion to depart from the state sentencing guidelines. Raab also claimed he had stressed to his counsel the 30-day time frame for filing a motion to withdraw his plea. His assertions in his plea withdrawal motion demonstrate his ability to consult with his lawyer and his rational understanding of the proceedings against him.

In support of his federal habeas corpus petition, Raab submitted a number of documents pertaining to past mental evaluations that he did not submit to the state trial court with his Rule 3.850 motion. Because he did not submit the documents to the state trial court, he is barred

from raising factual assertions based on these documents by the two-year limit of Rule 3.850, see *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and also barred by the state's successive petition doctrine. *See e.g., Pope v. State*, 702 So. 2d 221, 223 (Fla. 1997)(successive postconviction relief motions filed after the expiration of the time limit must be based on newly discovered evidence).

Neither of Raab's collateral assertions, nor the documents on which he now relies, suffice to establish that during the plea hearing, he was unable to consult with counsel and the state trial court and to understand the proceedings against him when he entered his plea. Raab fails to set forth facts which demonstrate that the alleged effects of his medication and/or any lack of administration thereof, prevented him from entering a knowing and voluntary plea.

Furthermore, Raab does not allege, nor did he preserve and raise on direct appeal, a <u>procedural</u> competency claim -- otherwise known as a *Pate v. Robinson*, 383 U.S. 375 (1966), claim. Even if he were to endeavor to bring a procedural competency claim in this Court, the claim is procedurally barred because pursuant to Florida's procedural rules, a *Pate* claim cannot be raised in a Rule 3.850 motion. A procedural competency claim must, if at all, be raised at trial and on direct appeal *See Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995); *James v. Singletary*, 957 F.2d 1562, 1572 (11th Cir. 1992); *see also, Peavy v. Sec'y,* 2007 U.S. Dist. LEXIS 45468 (M.D. Fla. June 22, 2007) (recognizing Florida appellate court addressing the claim may consider only the information before the trial court before and during trial).

In ground one of Raab's Rule 3.850 motion, Raab faulted his trial counsel for failing to inform the state trial court of his alleged mental disorder. He did not allege that the state trial

court judge ignored facts, viewed objectively, that raised a bona fide doubt regarding the petitioner's competency to stand trial. *See Drope v. Missouri*, 420 U.S. at 180; *Pate,* 383 U.S. at 385 ("Where the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial, the [trial] judge on his own motion must impanel a jury and conduct a sanity hearing . . . ."). Nor, for that matter, did the state trial court construe Raab's Rule 3.850 claim in this way.

If, and to the extent Raab endeavored to raise an ineffective assistance of trial counsel claim in his Rule 3.850 motion as cause to excuse his default of a procedural competency claim, his allegations did not meet prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Jackson v. Herring*, 42 F.3d 1350, 1358 (11th Cir. 1995)(in order to constitute cause sufficient to overcome procedural default, counsel's performance must be constitutionally ineffective under *Strickland*), *reh'g, denied*, 51 F.3d 1052 (11th Cir. 1995). Any (further) cause allegation is itself barred by the two-year limit of Rule 3.850 and the state's successive petition doctrine. Likewise,
Raab has not made the required showing to lift the independent and adequate state procedural bars in this Court.

Alternatively, even if, arguendo, Raab's claim was found to encompass a procedural competency claim and the claim was addressed as properly exhausted, the silent affirmance in Raab's summary appeal resulted in a reasonable application of *Drope* and *Pate*. As pointed out, the record of the plea hearing reflects Raab answered questions clearly and responsively and acknowledged he understood his rights. Raab did nothing to lead his counsel or the state trial court to question his competency at the time of his plea. These factors support the objectively reasonable determination Raab was competent when the state trial court judge accepted his plea and that no further inquiry was necessary to determine his competency. The

state trial court judge was in the best position to assess Raab and his demeanor during the plea proceedings, and it can be reasonably determined from the state trial court record that objective facts known to the court at the time of Raab's plea did not create a bona fide doubt as to his competency to proceed.

Thus, whether this Court considers the merits of Ground One as a substantive or procedural competency claim, or as both, this Court finds that the state court's decision resulted in a reasonable application of clearly established federal law as determined by the United States Supreme Court at the time, and a reasonable determination of the facts in light of the evidence.

Ground One does not warrant relief.

## Ground Two

Raab vaguely contends that his trial counsel operated under a conflict of interest. In his supporting facts, he claims the state trial court notified him there was a "conflict of interest" between Raab and his counsel, but does not provide any facts that allow this Court to find this allegation to be true. (Doc. No. 1 at 8) However, in his pro se motion to withdraw his plea, Raab states that the conflict resulted from his counsel's representing him on other cases "in the past."
(Resp. Ex. 7 at p 1).

A review of the record demonstrates that Raab does not allege facts supporting his claim that his counsel "operated under a conflict of interest." Raab does not identify with particularity the alleged conflict of interest. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the Court. *See Blackledge v. Allison*, 431 U.S. 63 (1977). Even treating his claim as exhausted to the

extent alleged in ground three of his Rule 3.850 motion will not merit relief. In summarily denying his third Rule 3.850 claim, the state trial court stated:

> In ground three of his motion, Defendant alleges that his counsel was ineffective due to a conflict of interest. Defendant's allegation is wholly conclusory and speculative. "A possible, speculative or merely hypothetical conflict is 'insufficient to impugn a criminal conviction.'" *Cuyler v. Sullivan*, 446 U.S. at 350, 100 S.Ct. 1708 (1980). Defendant has articulated no facts that would suggest that his counsel represented conflicting interests, or that Defendant was thereby prejudiced. *See Hunter v. State*, 817 So.2d 786, 792 (Fla. 2002) (holding that after a defendant has demonstrated the existence of an actual conflict, "the defendant must also show that this conflict had an adverse effect upon his lawyer's representation"). Moreover, as previously explained, Defendant stated under oath during the plea colloquy that he was satisfied with his counsel's representation. See Exhibit C: p. 28. Therefore, ground three of Defendant's motion is denied.

(Resp. Ex. 12)

In his pro se brief in his summary **appeal** of the denial of Rule 3.850 relief, Raab pointed to the sentencing outcome of Stephen Kressley, whom Raab asserted was scheduled to testify against Raab. His assertion on appeal relative to a conflict of interest because the public defender's office represented Kressley constituted a new claim of alleged ineffectiveness which was not preserved for review and was procedurally barred. *See Doyle v. State*, 526 So. 2d 909, 911 (Fla. 1988) (finding that postconviction claim raised for the first time on appeal was procedurally barred).

Raab does not show cause and prejudice to overcome the procedural bar, or that a fundamental miscarriage of justice will occur result if this Court does not address the merits of the defaulted allegations. In addition, Raab fails to allege that, had counsel performed differently, he would have insisted on proceeding to trial. Raab has not shown prejudice under *Strickland* and *Hill.*

Finally, Raab fails to meet his burden under the highly deferential AEDPA standards of review because his allegations do not demonstrate that there was an actual conflict of interest and that the alleged conflict of interest adversely affected his counsel's performance.

Ground Two does not warrant relief.

### Ground Three

Raab claims his counsel was ineffective for failing to contact Raab's psychiatrist to gather material for seeking mitigation of his sentence. Raab raised this as the second claim in his Rule 3.850 motion. The state trial court summarily denied the claim, and the denial was affirmed on appeal. In denying the claim, the state trial court stated:

> Defendant further claims that his counsel was ineffective for failing to investigate Defendant's competency. Defendant claims that an investigation of his bipolar disorder would have revealed that he was not competent to proceed to trial. Similarly, Defendant suggests that his counsel failed to investigate a possible insanity Defense.
>
> Defendant's claim is conclusively refuted by the record. The Court specifically inquired during the plea hearing regarding whether Defendant was satisfied with his counsel. *Id.* at 28. The Court also asked Defendant whether he had had enough time to talk with his counsel regarding his cases. *Id.* Because the record conclusively refutes Defendant's allegation, this claim is denied. *See McCutcheon v. State*, 444 So. 2d 532, 533 (Fla. 1st DCA 1984) (holding that record conclusively refuted the defendant's claims that he was denied effective assistance of counsel and that his plea was involuntary); *see also Kirby v. State*, 733 So. 2d 1054, 1055 (Fla. 1st DCA 1999).
>
> Similarly, Defendant complains in ground two of his motion of violations of Rules 3.210 and 3.216, Florida Rules of Criminal Procedure. However, these are rights which Defendant relinquished by pleading no contest. See *McCutcheon*, 444 So. 2d at 533.

(Resp. Ex. 12)

The remarks of Raab's counsel at the change of plea hearing reflect that counsel had obtained medical and psychiatric reports from Raab. (Resp. Ex. 3 at 9) Raab does not show

-12-

that counsel overlooked any material fact concerning Raab's mental condition(s). Raab agreed he wanted to plead and to seek sentencing mercy, and he does not set forth a basis upon which to conclude the state trial court would have been obliged to impose a sentence other than the sentence imposed. At most, Raab's claim is speculative. It is objectively reasonable to conclude that Raab's allegations fail to demonstrate that had his trial counsel pursued and adduced evidence concerning Raab's alleged mental condition(s), there was any reasonable probability Raab would have received a lesser sentence. The state trial court decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence.

Ground Three does not warrant relief.

## Ground Four

Raab claims he was incompetent when he pled nolo contendere. As shown in Ground One above, it is objectively reasonable to conclude that when Raab entered his pleas, he had sufficient ability to consult with his lawyer with a reasonable degree of rational understanding and had a rational as well as factual understanding of the proceedings against him.

Raab also claims his counsel was ineffective for not seeking to have him evaluated for competency. In denying his fourth and fifth Rule 3.850 claims, the state trial court found:

> Defendant further claims that trial counsel was ineffective by failing to comply with and abide by Defendant's decisions. Similarly, Defendant claims in ground six that his trial counsel was ineffective for failing to pursue certain defenses.
>
> As previously explained, Defendant's claims are conclusively refuted by the record. The Court specifically inquired during the plea hearing regarding whether Defendant was satisfied with his counsel. See Exhibit C: p. 28. The Court also asked Defendant whether he had had enough time to talk with his counsel regarding his cases. *Id.* Because the record conclusively refutes Defendant's allegation, this is claim is denied. See McCutcheon v. State, 444 So.

2d 532, 533 (Fla. 1st DCA 1984) (holding that record conclusively refuted the defendant's claims that he was denied effective assistance of counsel and that his plea was involuntary); *see also Kirby v. State,* 733 So. 2d 1054, 1055 (Fla. 1st DCA 1999).

(Resp. Ex. 12)

Counsel's remarks at the plea hearing reflect she had reviewed medical records Raab gave her. (Resp. Ex. 3 at 9) Raab has not shown that counsel overlooked a material fact which, if pursued, would establish that any mental condition adversely affected him so as to render him unable to understand the plea and sentencing proceedings or his counsel's advice at the time he pled nolo contendere.

Furthermore, Raab has not shown that he was prejudiced by counsel's actions. Raab presents no basis for concluding that counsel or the state trial court ignored facts which would raise a bona fide doubt regarding his competency to proceed on February 21, 2005. *See Pate*, 383 U.S. at 385. Raab was afforded ample opportunity to address the state trial court and the victims during the plea hearing and sentencing, and his responses demonstrate that his competency was not in serious question at the time of the plea. The record of the plea hearing bears out the objectively reasonable conclusion that Raab's plea was entered freely and with an understanding of the charges and consequences of his plea. The state trial court had the benefit of its own observations of Raab and interaction with him during the course of the proceedings, and Raab does not point to any overlooked objective facts which would positively, unequivocally, and clearly generate any legitimate doubt as to his competency at the time he entered his nolo contendere plea. At its core, Raab's ground is formed on speculation.

Ground Four does not warrant relief.

Accordingly, the Court orders:

That Raab's petition is dismissed. The Clerk is directed to enter judgment against Raab and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 21, 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Matthew E. Raab